UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DARNELL MACON, SR., and KHARISMA BROOKS,<br>    *Defendants*. | No. 3:21-cr-172 (JAM) |

**ORDER DENYING MOTION TO SUPPRESS**

The defendants have moved to suppress evidence obtained from a warrantless search of their residence on the ground that they did not consent to a search.[1] I will deny the motion without prejudice for two reasons.

First, the motion is untimely. The Court's scheduling order allowed the defendants to file their motion on or before May 20, 2022.[2] But the defendants did not file their motion until May 23, 2022. Nor did they file a motion for extension of time establishing particularized good cause for an extension of time. *See* D. Conn. L. Civ. R. 7(b)(1) (as incorporated by D. Conn. L. Crim. R. 1(c)).

Second, apart from unsworn allegations of misconduct in their memorandum of law, the defendants have not made an *evidentiary* showing to support their claim that law enforcement officials lacked consent to search. Courts do not grant evidentiary hearings for motions to suppress unless a defendant makes a *prima facie* evidentiary showing—ordinarily by way of sworn affidavit or the submission of other evidentiary materials—to support a claim that law enforcement violated the defendant's rights. *See United States v. Thornton*, 2007 WL 4355513,

---

[1] Doc. #113.
[2] Doc. #112.

1

at *5 (D. Conn. 2007); *United States v. Simons*, 2006 WL 2792880, at *1–2 (D. Conn. 2006); *United States v. Stein*, 440 F. Supp. 2d 315, 327 (S.D.N.Y. 2006).

Here, the defendants have submitted no evidence other than a police report which states in relevant part that Brooks agreed to show a law enforcement agent "the firearms she had recently purchased" and then "voluntarily lead SA Hyde into her apartment."[3] In other words, the sole piece of evidence submitted by the defendants tends to show that law enforcement did *not* enter or search the apartment without their consent. More troubling still, the defendants have failed to make a proper evidentiary showing despite the Court's express advisement to them that "[t]he Court will not conduct an evidentiary hearing with respect to any issue not specifically identified in the defendants' initial moving papers and supported by a proper *prima facie* factual showing."[4]

This ruling is without prejudice to the defendants' filing of a renewed motion to suppress on or before **June 9, 2022** that is supported by a proper *prima facie* factual showing and that establishes particularized good cause for the defendants' failure to comply with the May 20 deadline for filing of any substantive motions.

It is so ordered.

Dated at New Haven this 2nd day of June 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[3] Doc. #113-2 at 2.
[4] Doc. #112.